FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

2012 FEB 29 PM 2:24

---------------------------------X  Case No.
ELLEN GLEASON, on behalf of herself individually
and all others similarly situated

                                  Plaintiff,        **CLASS ACTION COMPLAINT**

      -against-

USCB CORPORATION,

                                Defendant.
---------------------------------X

GLASSER, J.

MANN, M.J.

Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

## INTRODUCTION

1. This is an action brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices. This action is also brought pursuant to New York General Business Law §349 ("NYGBL §349") regarding defendant's deceptive acts and practices.

## PARTIES

2. Plaintiff is a natural person who resides in this District and is a consumer as defined by the FDCPA, §1692a(3).

3. Upon information and belief, defendant is a debt collector, as defined pursuant to 15 U.S.C. §1692a(6). Defendant uses the mail to collect defaulted consumer debts owed or due or alleged to be owed or due to others. Defendant may also purchase defaulted consumer debts and use the mail to collect said debts. Defendant maintains a principal place of business in Pennsylvania.

## JURISDICTION AND VENUE

4. This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. §1331 and supplemental jurisdiction exists over the NYGBL §349 claims pursuant to 28 U.S.C. §1367.

## FACTUAL ALLEGATIONS

5. That plaintiff re-alleges paragraphs 1 to 4 as if fully re-stated herein.

6. That at some time better known to defendant, defendant allegedly purchased a consumer debt allegedly owed by plaintiff to Providian Bank.

7. That by letter dated November 22, 2011, defendant wrote to plaintiff in an attempt to collect said debt.

8. That this was defendant's initial written communication with plaintiff.

9. That defendant did not send another letter to plaintiff within five days following the sending of the letter dated November 22, 2011.

10. That the letter stated, in pertinent part:

"Original Creditor: PROVIDIAN BANK

Current Creditor: USCB Corporation...

This account has been listed with our office for collection...

Upon completion of this payment plan, we will issue a settlement letter

confirming that the account is satisfied and closed. You will have no further obligation *to our client* regarding this delinquent account."

11. That defendant's letter further stated, in pertinent part:

"We may report this account to all national credit bureaus."

12. That defendant's said letter also stated, in pertinent part:

"If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification."

## AS AND FOR A FIRST CAUSE OF ACTION

FDCPA §§1692e, 1692e(10) and 1692g(a)(2)
*Failure to Identify the Creditor to Whom the Debt is Owed*

13. That plaintiff re-alleges paragraphs 1 to 12 as if fully re-stated herein.

14. That defendant's said letter does not identify adequately the creditor to whom the debt is owed.

15. That even though at the top of the letter the "Current Creditor" is identified as "USCB Corporation", certain statements in the body of the letter contradict this identification, and give the least sophisticated consumer the impression that the current creditor is a different entity.

16. That, for example, the body of the letter begins by stating that "This account has been listed with our office for collection." This sentence gives the consumer the impression that an entity different from defendant has turned over the account to defendant for collection.

17. That, further, in the body of the letter, after the making of a settlement offer, the letter continues by stating that "You will have no further obligation to our client regarding this delinquent account." This sentence gives the consumer the distinct impression that defendant is collecting the debt on behalf of someone else (who would then be the creditor) and not on its own behalf.

18. That these conflicting statements therefore render the identity of the creditor unclear, in violation of the FDCPA, including but not limited to §1692g(a)(2).

19. That the said conflicting statements in defendant's letter are also, deceptive and misleading, in violation of the FDCPA, §§1692e and 1692e(10).

## AS AND FOR A SECOND CAUSE OF ACTION

FDCPA §§1692e, 1692e(5) and 1692e(10)
*False Threat to Report the Debt to all National Credit Bureaus*

20. That plaintiff re-alleges paragraphs 1 to 19 as if fully re-stated herein.

21. That defendant stated in its letter that it "may report this account to all national credit bureaus."

22. That plaintiff did not pay the debt nor enter into any arrangement with defendant to pay the debt.

23. That, notwithstanding its threat, as of February 23, 2012, some three months after the date on defendant's letter, defendant has still not reported plaintiff's account to at least one national credit bureau: Transunion.

24. That defendant's statement in its letter that it may report the account to all national credit bureaus was intended to give the consumer the impression that it would report the account to all of the credit bureaus if the consumer did not pay the debt.

25. That, at the time it made this statement, defendant did not intend to report plaintiff's account to all national credit bureaus.

26. That defendant's said statement that it would report the account to all national credit bureaus was a tactic to scare plaintiff and the least sophisticated consumer into paying the debt.

27. That defendant's said statement was therefore a threat to take an action not intended to be taken by defendant, in violation of the FDCPA, §1692e(5).

28. That defendant's said statement also constitutes a deceptive and misleading representation or means used in connection with the collection of a debt, in violation of the FDCPA, §§1692e and 1692e(10).

## AS AND FOR A THIRD CAUSE OF ACTION

FDCPA, §§ 1692e, 1692e(10) and 1692g(a)(4)
*Failure to State that Consumer may Receive Verification by notifying of a Dispute of a Portion of the Debt*

29. That plaintiff re-alleges paragraphs 1 to 28 as if fully re-stated herein.

30. That in the validation notice in the letter, defendant states that if the consumer notifies defendant that she disputes the validity of the debt, defendant will obtain verification and mail a copy of the verification to the consumer.

31. That the FDCPA, §1692g(a)(4) also allows the consumer the right to receive verification of the debt by disputing a portion of the debt, even if not all of the debt is being disputed.

32. That, by omitting the notification that verification may be obtained if the consumer disputes only a portion of the debt, defendant has violated the FDCPA, §1692g(a)(4).

33. That said omission also constitutes a violation of the FDCPA, §§1692e and 1692e(10) in that the failure to mention that a portion of the debt may be disputed in order to obtain verification is a deceptive and misleading means used by defendant in its attempt to collect the debt.

### AS AND FOR A FOURTH CAUSE OF ACTION
### NYGBL §349

34. That plaintiff re-alleges paragraphs 1 to 33 as if fully re-stated.

35. That each of the deceptive and misleading acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL §349.

36. That, on information and belief, defendant has a pattern of mailing thousands of collection letters directly to natural persons within New York State each year containing deceptive statements about the identity of the creditor.

37. That, further, defendant includes in all of its collection letters to consumers the improper statement that defendant will report the consumer's account to all national credit bureaus.

38. That, in addition, defendant includes in all its initial letters to consumers the improper validation notice which omits that a consumer may dispute a portion only of the debt and still obtain verification.

39. That, as a result of defendant's aforesaid actions, plaintiff suffered confusion, emotional distress and anxiety upon receipt of the collection letter from defendant.

40. That defendant therefore violated NYGBL §349 and is liable to plaintiff under NYGBL §349(h).

## CLASS ALLEGATIONS

41. That plaintiffs re-allege paragraphs 1-40 as if fully re-stated herein.

42. That this action is brought on behalf of plaintiff and the members of three classes, Class A, B and C. The classes consist of all persons who defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing defendant's letterhead in substantially the same form as the letter sent to plaintiff dated November 22, 2011; (b) the collection letter was sent to a consumer seeking payment of an alleged consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. §§1692e, 1692e(5), 1692e(10), 1692g(a)(2) and 1692g(a)(4).

> Class A shall be defined as follows: *All natural persons to whom were sent by defendant at an address within New York State a notice for the collection of a consumer debt which notice contains an inadequate identification of the creditor to whom the debt is owed in a manner in sum or substance similar to the inadequate identification in the November 22, 2011 letter.*

Class B shall be defined as follows: *All natural persons to whom were sent by defendant at an address within New York State a notice for the collection of a consumer debt which notice contains the statement that defendant may report the account to all national credit bureaus.*

Class C shall be defined as follows: *All natural persons to whom were sent by defendant at an address within New York State a notice for the collection of a consumer debt which notice omits from the validation notice a statement that the consumer may obtain validation of the debt if the consumer disputes a portion of the debt.*

The classes do not include defendant and any person, firm, trust, corporation or other entity related to or affiliated with defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of defendant.

43. That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal questions presented by this claim are whether defendant violated the FDCPA by sending collection letters containing deceptive, misleading and false statements as above-mentioned, in violation of 15 U.S.C. §§1692e, 1692e(5), 1692e(10), 1692g(a)(2) and 1692g(a)(4).

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the various classes.

44. That a class action is superior for the fair and efficient adjudication of class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. §1692k. The members of the classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of incompatible or varying standards of conduct for defendant and would not be in the interest of judicial economy.

45. That if the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(1)(A) or 23(b)(3) of the Federal Rules of Procedure.

46. That communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

47. That as a result of the above violations, defendant is liable to plaintiff and the members of the class for statutory damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

    (a) certifying a class action pursuant to Federal Rules of Civil Procedure, Rule 23;

    (b) statutory damages pursuant to 15 U.S.C. §1692k in an amount to be determined at the time of trial;

    (c) awarding class members the maximum statutory damages pursuant to 15 U.S.C. §1692k;

    (d) statutory damages pursuant to NYGBL §349 in an amount to be determined at the time of trial;

    (e) enjoining defendant from committing further deceptive acts and practices against plaintiff pursuant to NYGBL §349;

(f)  reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. §1692k and NYGBL §349(h); and

(g)  for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
       February 23, 2012.

*/s/ Novlette L. Kidd*
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212)268-2128
Nkidd@fagensonpuglisi.com